FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARYL DANITA CARBY,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENTOF NIGERIA, et al.,<br><br>Defendant. | NO. 2:26-CV-0055-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE AND MOTION FOR EXTENSION OF TIME |

BEFORE THE COURT are Plaintiff's Motion to Change Venue (ECF No. 5) and Motion for an Extension of Time to Serve (ECF No. 6).  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion to Change Venue (ECF No. 5) and Motion for an Extension of Time to Serve (ECF No. 6) are DENIED.

Under 28 U.S.C. § 1404, a party may move to transfer venue.  "Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and

ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE AND MOTION FOR EXTENSION OF TIME ~ 1

fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)) (internal quotations omitted). The court must consider multiple factors when determining whether transfer is appropriate. *Jones*, 211 F.3d at 498.

Plaintiff used a Ninth Circuit motion for extension of time form to request a change of venue. ECF No. 5. Plaintiff does not appear to argue that venue is improper, however, the writing on the form is difficult to understand. ECF No. 5. It is unclear whether Plaintiff is requesting an extension to file a motion to change venue or wishes to file the motion itself. *Id.* For the former, Plaintiff neither makes any arguments nor identifies an alternative venue for transfer. *Id.* For the latter, the Court does not understand why an extension to file a motion to transfer venue is warranted. Regardless, this motion cannot be granted because the requested relief is unclear and likely unnecessary.

Federal Rule of Civil Procedure 4(m) provides that a plaintiff has 90 days to serve a complaint and summons on the opposing party from the date the complaint is filed. FED. R. CIV. P. 4(m). Plaintiff requests a new due date of March 31, 2026. ECF No. 6. Plaintiff filed her complaint on January 30, 2026. ECF No. 1. Therefore, Plaintiff has until April 30, 2026, to properly serve Defendants. As a result, this motion is unnecessary because Plaintiff has longer than her requested deadline to properly serve Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE AND MOTION FOR EXTENSION OF TIME ~ 2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion to Change Venue (ECF No. 5) is **DENIED.**

2.  Plaintiff's Motion for an Extension of Time (ECF No. 6) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to Plaintiff.

DATED April 8, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE AND MOTION FOR EXTENSION OF TIME ~ 3